Trina Realmuto (CA SBN 201088)
Kristin Macleod-Ball (NY SBN 5340500)*
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA, 02446
(617) 819-4447
trina@immigrationlitigation.org
kristin@immigrationlitigation.org

Siobhan Waldron (CA SBN 286378)
Jessica Zhang (TX SBN 24127437)*
Immigrant Legal Defense
1301 Clay St., #70010
Oakland, CA 94612
(510) 479-0972
jessica@ild.org
siobhan@ild.org

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IMMIGRANT LEGAL DEFENSE and NATIONAL IMMIGRATION LITIGATION ALLIANCE,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and CIVIL DIVISION, U.S. DEPARTMENT OF JUSTICE,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT** |

Complaint for Decl. and Inj. Relief

# INTRODUCTION

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, seeking to compel Defendants U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), and the Civil Division of the U.S. Department of Justice (DOJ) to immediately release a full and complete copy of records related to the creation, filing, and service of administrative records of proceedings for petitions for review of removal orders.

2. Many individuals who are ordered removed by the Executive Office for Immigration Review (EOIR) or by the U.S. Department of Homeland Security (DHS) can seek judicial review of those orders by filing a petition for review with a U.S. court of appeals pursuant to 8 U.S.C. § 1252(a). This review may provide an individual with their only opportunity to correct grave legal and factual errors in their removal proceedings resulting in deportation, including in cases where individuals may face persecution or death if returned to their countries of origin.

3. In these critical proceedings, review by the courts of appeals is limited to "the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). Under the Federal Rules of Appellate Procedure, the agencies responsible for the removal orders at issue much prepare and file with the court that administrative record. *See* Fed. R. App. P. 16, 17. Thus, individuals seeking judicial review of removal orders must rely on agencies, including Defendants, to ensure that the administrative records are complete, appropriately filed with the relevant court, and served on all parties to the case. However, the policies governing these processes are opaque.

4. On August 9, 2023, Plaintiffs Immigrant Legal Defense (ILD) and National Immigration Alliance (NILA) submitted FOIA requests to Defendant CBP, Defendant ICE, and

Defendant DOJ (hereinafter, CBP FOIA Request, ICE FOIA Request, and DOJ FOIA Request, respectively, and Requests, collectively). The Requests sought release of records related to the creation, filing, and service of administrative records of proceedings for petitions for review of removal orders. *See* Exhs. A-C. The Requests further sought, as applicable, proactive disclosure of an electronic version of the requested records, pursuant to agencies' obligation under 5 U.S.C. § 552(a)(2) to release, *inter alia*, "those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register," and "administrative staff manuals and instructions to staff that affect a member of the public." 5 U.S.C. § 552(a)(2)(B), (C); *see also* Exhs. A-C.

5. Despite their statutory obligation to do so, Defendants have failed to produce any records to Plaintiffs, to proactively disclose any requested records, or to make a substantive response to the FOIA Requests. Accordingly, Plaintiffs are entitled to a judgment declaring that Defendants have violated FOIA and ordering Defendants both to release the requested records to Plaintiffs and to proactively disclose the records to the public, in accordance with FOIA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 5 U.S.C. § 552 *et seq.* (FOIA statute), and 28 U.S.C. § 1331 (federal question). This Court has jurisdiction to grant declaratory, injunctive, and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act).

7. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because this is a civil action in which Defendants are federal agencies, there is no real property involved in this action, and Plaintiff ILD has its principal place of business in this District.

8. Defendant CBP acknowledged receipt of Plaintiffs' FOIA Request by sending a

notice on September 27, 2024. *See* Exh. D. Defendant ICE acknowledged receipt of Plaintiffs' FOIA Request by sending a notice on October 1, 2024. *See* Exh. E. Defendant DOJ acknowledged receipt of Plaintiffs' FOIA Request by sending a notice on November 27, 2024. *See* Exh. F. To date, Defendants have not made determinations on Plaintiffs' FOIA Requests pursuant to 5 U.S.C. § 552(a)(6)(A). Defendants' failure to make a determination within the statutory time period constitutes a constructive denial of the FOIA Request. Thus, Plaintiffs are deemed to have exhausted their administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## INTRADISTRICT ASSIGNMENT

9. The claims of Plaintiff ILD arise in the county of Alameda. Therefore, assignment to the Oakland Division of this Court is proper under N.D. Civil Local Rule 3-2(d).

## PARTIES

10. Plaintiff ILD is a tax-exempt, not-for-profit charitable organization under section 501(c)(3) of the Internal Revenue Code, with a principal place of business in Oakland, California. ILD's mission is to promote justice through, among other things, the provision of legal representation to underserved immigrant communities, including representation of noncitizens in administrative removal proceedings and in petitions for review before the courts of appeals. As part of its mission, ILD seeks to inform public understanding of the operations of the government by gathering and disseminating information, including with respect to immigration adjudication processes. ILD routinely engages in gathering information for its direct representation and broad-based advocacy through FOIA, analyzing the information, and distributing it online and to the public at large and members of the media. Timely, complete, and accurate information about ongoing government operations is key to the effectiveness of ILD's legal services and advocacy work.

11. Plaintiff NILA is a tax-exempt, nonprofit organization under section 501(c)(3) of

the Internal Revenue Code, with its principal place of business in Brookline, Massachusetts. Founded in 2020, NILA was established to realize systemic change in the immigrant rights' arena by engaging in impact litigation and by building the capacity of immigration attorneys to litigate in federal court by co-counseling individual cases with them and providing strategic assistance to them. NILA's membership includes hundreds of immigration attorneys across the country. In addition to litigation, NILA disseminates practice materials and materials obtained through FOIA on its public website and frequently presents on immigration issues.

12. Defendant CBP is a component agency of DHS and is responsible for issuing certain removal orders which may be subject to judicial review pursuant to 8 U.S.C. § 1252(a), *see* 8 U.S.C. § 1231(a)(5). CBP is an agency within the meaning of 5 U.S.C. § 552(f)(1) and has in its possession, custody, and control the records Plaintiffs seek.

13. Defendant ICE is a component agency of DHS and is responsible for issuing certain removal orders which may be subject to judicial review pursuant to 8 U.S.C. § 1252(a), *see* 8 U.S.C. §§ 1228(b), 1231(a)(5). ICE is an agency within the meaning of 5 U.S.C. § 552(f)(1) and has in its possession, custody, and control the records Plaintiffs seek.

14. Defendant Civil Division, U.S. Department of Justice is a component agency of the U.S. Department of Justice. Through its Office of Immigration Litigation, it is responsible for representing the government in petitions for review challenging removal orders. The Civil Division of the U.S. Department of Justice is an agency within the meaning of 5 U.S.C. § 552(f)(1) and has in its possession, custody, and control the records Plaintiffs seek.

## FACTUAL ALLEGATIONS

### *Administrative Records of Proceedings for Petitions for Review of Removal Orders*

15. Pursuant to 8 U.S.C. § 1252(a)(1), individuals subject to a final order of removal can seek judicial review via a petition for review filed with a U.S. court of appeals, absent certain

exceptions not relevant here. In those petition-for-review proceedings, "the court of appeals shall decide the petition only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A).

16. The agencies responsible for the removal orders at issue must prepare and file the administrative record with the court. The agency that issued the decision on review "must file the record with the circuit clerk," generally within 40 days of being served with a petition for review. Fed. R. App. P. 17. The record must include "(1) the order involved; (2) any findings or report on which it is based; and (3) the pleadings, evidence, and other parts of the proceedings before the agency." Fed. R. App. P. 16(a).

17. Removal orders are issued by the EOIR, a component of DOJ, and by ICE and CBP, which are both components of DHS. *See, e.g.*, 8 U.S.C. §§ 1229a, 1231(a)(5), 1238(b). Especially in the case of removal orders issued by CBP and ICE, which are generally not reviewed by an immigration judge or the Board of Immigration Appeals, judicial review may provide the only opportunity to correct factual and legal errors that would otherwise lead to unlawful deportation. *See, e.g.*, *Vega-Anguiano v. Barr*, 982 F.3d 542 (9th Cir. 2019) (reviewing a DHS-issued removal order and finding it to be a "gross miscarriage of justice").

18. Through its Office of Immigration Litigation, General Litigation and Appeals Section, the DOJ "defends the government in every petition for review filed in the United States Courts of Appeals." DOJ, Office of Immigration Litigation, General Litigation and Appeals Section, https://www.justice.gov/civil/general-litigation-appeals-section (updated Oct. 15, 2024).

19. Thus, Defendants are agencies responsible for preparing, filing, and serving the administrative records in petitions for review of removal orders. However, the policies governing Defendants' preparation, filing, and service of administrative records are not publicly available.

Complaint for Decl. and Inj. Relief

5

**FOIA Request to Defendant CBP**

20. On September 26, 2024, Plaintiffs submitted a FOIA Request to Defendant CBP using an online form. The request seeks:

> Any and all policies, guidance, directives, memoranda, protocols, training materials, or other written procedures related to:
>
> (a) the creation of administrative records of proceedings as required by Federal Rule of Appellate Procedure 16 for petitions for review of removal orders for which judicial review is sought under 8 U.S.C. § 1252(a)(1), including but not limited to removal orders issued by component agencies of the U.S. Department of Homeland Security (specifically, U.S. Immigration and Customs Enforcement and CBP);
>
> (b) the filing of such records with U.S. courts of appeals pursuant to Federal Rule of Appellate Procedure 17; and
>
> (c) service and/or transmittal of such records on individuals without attorneys who have filed pro se petitions for review.

See Exh. A at 1-2.

21. The request further stated that, "CBP must also, in addition to releasing a full and complete copy of such records to Requestors, proactively disclose these records 'for public inspection in an electronic format,' on an ongoing and up-to-date basis" to the extent that the records include "an adopted statement of agency policy which is not published in the Federal Register, an administrative staff manual and/or instructions to staff that affect members of the public, and/or under any other applicable provision of 5 U.S.C. § 552(a)(2)." *Id*. at 2 (quoting 5 U.S.C. § 552(a)(2)).

22. The CBP FOIA Request also asked that Defendant CBP waive all associated processing fees because disclosure of the records is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of [Plaintiffs]." *Id.* (quoting 5 U.S.C. § 552(a)(4)(A)(iii)).

23. The CBP FOIA Request explained that disclosure of the requested information

will contribute significantly to Plaintiffs' and the public's understanding of "how CBP creates records of proceeding for removal orders subject to judicial review, as well as how such records are filed with federal courts and served upon individuals seeking review of removal orders." *See id.*

24. The 2024 report of the Chief FOIA Officer for DHS, of which CBP is a component agency, notes that "proactive disclosure of information is fundamental to the faithful application of the FOIA" and that the Attorney General has directed federal agencies to post "records online quickly and systematically in advance of any public request." DHS, 2024 Chief FOIA Officer Report § 3 (March 2024), https://www.dhs.gov/sites/default/files/2024-07/24_0729_PRIV_2024-Chief-FOIA-Officer-Report.pdf.

25. Because Defendant CBP has not publicly released the requested records, affected members of the public are left without an understanding of CBP's policies related to the creation, filing, and service of records of proceedings, including pro se litigants who may not have access to such records through online records systems and thus are unable to adequately advocate for themselves in petitions for review challenging removal orders. Plaintiffs have the capacity and intent to disseminate widely the requested information to the public. *See* Exh. A at 3-4.

26. By email dated September 27, 2024, Defendant CBP acknowledged receipt of the CBP FOIA Request. *See* Exh. D. Defendant's email assigned case number CBP-FO-2024-177317 to the FOIA Request but provided no substantive response to the request. *Id.* The email did not address Plaintiffs' fee waiver request. *Id.*

27. Defendant CBP did not determine whether to comply with the FOIA Request by the deadlines set forth in 5 U.S.C. § 552(a)(6)(A) or (B). Defendant CBP has failed to produce any records or make any substantive response to the CBP FOIA Request.

**FOIA Request to Defendant ICE**

28. On September 26, 2024, Plaintiffs submitted a FOIA Request to Defendant ICE using an online form. The request seeks:

> Any and all policies, guidance, directives, memoranda, protocols, training materials, or other written procedures related to:
>
> (a) the creation of administrative records of proceedings as required by Federal Rule of Appellate Procedure 16 for petitions for review of removal orders for which judicial review is sought under 8 U.S.C. § 1252(a)(1), including but not limited to removal orders issued by component agencies of the U.S. Department of Homeland Security specifically, ICE and U.S. Customs and Border Protection);
>
> (b) the filing of such records with U.S. courts of appeals pursuant to Federal Rule of Appellate Procedure 17; and
>
> (c) service and/or transmittal of such records on individuals without attorneys who have filed pro se petitions for review.

*See* Exh. B at 1-2.

29. The request further stated that, "ICE must also, in addition to releasing a full and complete copy of such records to Requestors, proactively disclose these records 'for public inspection in an electronic format,' on an ongoing and up-to-date basis" to the extent that the records include "an adopted statement of agency policy which is not published in the Federal Register, an administrative staff manual and/or instructions to staff that affect members of the public, and/or under any other applicable provision of 5 U.S.C. § 552(a)(2)." *Id*. at 2 (quoting 5 U.S.C. § 552(a)(2)).

30. The ICE FOIA Request also asked that Defendant ICE waive all associated processing fees because disclosure of the records is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of [Plaintiffs]." *Id.* (quoting 5 U.S.C. § 552(a)(4)(A)(iii)).

31. The ICE FOIA Request explained that disclosure of the requested information will contribute significantly to Plaintiffs' and the public's understanding of "how ICE creates

Complaint for Decl. and Inj. Relief

8

records of proceeding for removal orders subject to judicial review, as well as how such records are filed with federal courts and served upon individuals seeking review of removal orders." *See id.*

32. The 2024 report of the Chief FOIA Officer for DHS, discussed *supra*, further provides that, under FOIA's proactive disclosure requirements, "ICE FOIA will post (a)(2) provision documents as they are released or when the program offices identify new policies or procedures that should be proactively disclosed." DHS, 2024 Chief FOIA Officer Report § 3 (March 2024), https://www.dhs.gov/sites/default/files/2024-07/24_0729_PRIV_2024-Chief-FOIA-Officer-Report.pdf.

33. Because Defendant ICE has not publicly released the requested records, affected members of the public are left without an understanding of ICE's policies related to the creation, filing, and service of records of proceedings, including pro se litigants who may not have access to such records through online records systems and thus are unable to adequately advocate for themselves in petitions for review challenging removal orders. Plaintiffs have the capacity and intent to disseminate widely the requested information to the public. *See* Exh. B at 3-4.

34. By email dated October 1, 2024, Defendant ICE acknowledged receipt of the ICE FOIA Request. *See* Exh. E. Defendant's email assigned case number 2024-ICFO-58937 and invoked the 10-day extension of time to respond to the OFIA request permitted under 8 U.S.C. § 552(a)(6)(B) and "conditionally" granted Plaintiffs' request for a fee waiver. ICE provided no substantive response to the request.

35. Defendant ICE did not determine whether to comply with the FOIA Request by the deadlines set forth in 5 U.S.C. § 552(a)(6)(A) or (B). Defendant ICE has failed to produce any records or make any substantive response to the ICE FOIA Request.

**FOIA Request to Defendant DOJ**

36. On September 26, 2024, Plaintiffs submitted a FOIA Request to Defendant DOJ using an online form, seeking records from the Office of Immigration Litigation (OIL), a component of DOJ's civil division. The request seeks:

> Any and all policies, guidance, directives, memoranda, protocols, training materials, or other written procedures related to:
>
> (a) the creation of administrative records of proceedings as required by Federal Rule of Appellate Procedure 16 for petitions for review of removal orders for which judicial review is sought under 8 U.S.C. § 1252(a)(1), including removal orders issued by the Executive Office for Immigration Review and by component agencies of the U.S. Department of Homeland Security (specifically, U.S. Immigration and Customs Enforcement and U.S. Customs and Border Protection);
>
> (b) the filing of such records with U.S. courts of appeals pursuant to Federal Rule of Appellate Procedure 17; and
>
> (c) service and/or transmittal of such records on individuals without attorneys who have filed pro se petitions for review.

*See* Exh. C at 1-2.

37. The request further stated that, "OIL must also, in addition to releasing a full and complete copy of such records to Requestors, proactively disclose these records 'for public inspection in an electronic format,' on an ongoing and up-to-date basis" to the extent that the records include "an adopted statement of agency policy which is not published in the Federal Register, an administrative staff manual and/or instructions to staff that affect members of the public, and/or under any other applicable provision of 5 U.S.C. § 552(a)(2)." *Id*. at 2 (quoting 5 U.S.C. § 552(a)(2)).

38. The DOJ FOIA Request also asked that Defendant DOJ waive all associated processing fees because disclosure of the records is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of [Plaintiffs]." *Id.* (quoting 5 U.S.C. § 552(a)(4)(A)(iii)).

Complaint for Decl. and Inj. Relief

10

39. The DOJ FOIA Request explained that disclosure of the requested information will contribute significantly to Plaintiffs' and the public's understanding of "how OIL creates records of proceeding for removal orders subject to judicial review, as well as how such records are filed with federal courts and served upon individuals seeking review of removal orders." *See id.*

40. The 2024 report of the Chief FOIA Officer for DOJ that agencies, pursuant to proactive disclosure requirements under FOIA, should "maximize efforts to post more records online 'quickly and systematically." DOJ, 2024 Chief FOIA Officer Report § 3 (Sept. 4, 2024), https://www.justice.gov/oip/united-states-department-justice-2024-chief-foia-officer-report.

41. Because Defendant DOJ has not publicly released the requested records, affected members of the public are left without an understanding of the agency's policies related to the creation, filing, and service of records of proceedings, including pro se litigants who may not have access to such records through online records systems and thus are unable to adequately advocate for themselves in petitions for review challenging removal orders. Plaintiffs have the capacity and intent to disseminate widely the requested information to the public. *See* Exh. C at 3-4.

42. By letter dated November 27, 2024, Defendant DOJ acknowledged receipt of the DOJ FOIA Request. *See* Exh. F. Defendant's letter assigned case number 145-FOI-21077 and declined to make a determination regarding the fee waiver. *Id.* Further, the letter stated that the request involved "unusual circumstances," because it "require[d] a search in another Office of the Civil Division," and so "extend[ed] the time limit to respond to your request beyond the ten additional days provided by the statute." *Id.* DOJ provided no substantive response to the request.

43. By email from counsel on February 5, 2025, Plaintiffs requested information

regarding what other "Office of the Civil Division" would be searched leading to the "unusual circumstances" classification. Exh. G.

44. On February 11, 2025, Defendant DOJ responded, "The Civil Division is divided into multiple separate branches, sections, and offices. The FOIA and Privacy Office has initiated searches with staff in the Office of Immigration Litigation." Exh. G.

45. Plaintiffs made their FOIA request *to* the Office of Immigration Litigation, through the Civil Division of the DOJ. *See* Exh. C; *see also* Office of Information Policy, DOJ, *DOJ Reference Guide: Attachment B*, https://www.justice.gov/oip/doj-reference-guide-attachment-b-listing-and-descriptions-department-justice-components-foia (updated Oct. 29, 2024) (listing components of the Department of Justice to which individuals can submit FOIA requests).

46. Defendant DOJ did not determine whether to comply with the FOIA Request by the deadlines set forth in 5 U.S.C. § 552(a)(6)(A) or (B). Defendant DOJ has failed to produce any records or make any substantive response to the DOJ FOIA Request.

## CAUSES OF ACTION

### COUNT ONE

**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Timely Respond**

47. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

48. Pursuant to 5 U.S.C. § 552(a)(6)(A) and (B), Defendants were obligated to promptly produce records responsive to Plaintiffs' FOIA Requests.

49. Plaintiffs submitted the FOIA Requests on September 26, 2024. Defendants failed to issue a response, including a determination of whether to comply with the request and the reasons therefore, in the time provided under 5 U.S.C. § 552(a)(6)(A)(i) (20 days, excluding

Saturdays, Sundays, and legal public holidays) or within the time permitted in certain unusual circumstances pursuant to 5 U.S.C. § 552(a)(6)(B)(i) (10 additional working days).

50. Defendant DOJ's search for records with the Office of Immigration Litigation, the component from which Plaintiffs requested records, did not constitute an "unusual circumstance." *Cf.* 28 C.F.R. § 16.4(f) ("All consultations and referrals received by [DOJ] will be handled according to the date that the FOIA request initially was received by the first component or agency.").

51. Defendants' failure to disclose all responsive records within the statutory time period therefore violates 5 U.S.C. § 552(a)(6)(A) and (B) and the corresponding regulations.

## COUNT TWO

**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct an Adequate Search and to Disclose Responsive Records**

52. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

53. Defendants are obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to the FOIA Requests and to promptly produce those records to Plaintiffs.

54. Upon information and belief, Defendants have not conducted any search for records responsive to the FOIA Requests. Defendants have not produced any records responsive to the FOIA Requests. Plaintiffs have a legal right to obtain such records, and no legal basis exists for Defendants' failure to search for them.

55. Defendants' failure to conduct a reasonable search and disclose all records responsive to the FOIA Requests violates 5 U.S.C. § 552(a)(3) and the corresponding regulations.

# COUNT THREE

**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Proactively Disclose Records**

56. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

57. Defendants are obligated under 5 U.S.C. § 552(a)(2) to proactively disclose, in electronic format and on an ongoing basis, *inter alia*, "those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register" and "administrative staff manuals and instructions to staff that affect a member of the public." *See also Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 935 F.3d 858, 862 (9th Cir. 2019) ("Unlike FOIA's 'reactive' mechanism in § 552(a)(3), § 552(a)(2) identifies certain categories of records the agency must make available *on an ongoing basis*, no request necessary.") (emphasis added).

58. On information and belief, the requested records include administrative staff manuals that affect members of the public and contain statements of policy and interpretations that have been adopted by Defendants but have not been published in the Federal Register.

59. Defendants have failed to proactively disclose the requested records, and no legal basis exists for their failure to proactively disclose the records.

60. Defendants' failure to proactively disclose the requested records is in violation of 5 U.S.C. § 552(a)(2)(B) and (a)(2)(C).

# COUNT FOUR

**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Grant Plaintiffs' Public Interest Fee waiver Request**

61. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

62. Plaintiffs are entitled to a waiver of processing fees associated with responding to the FOIA Requests pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

63. Defendants have failed to make a determination on Plaintiffs' requests for a fee waiver. In accordance with 5 U.S.C. § 552(a)(4)(A)(iii), the Court should order Defendants to waive processing fees associated with responding to the FOIA Request.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Assume jurisdiction over this action;

(2) Declare unlawful Defendants' failure to make a determination on the FOIA Requests within the statutory time frame, failure to disclose the records requested by Plaintiffs, and failure to proactively disclose the requested records;

(3) Order Defendants to expeditiously process and disclose all responsive, nonexempt records, and enjoin Defendants from improperly withholding requested records;

(4) Order Defendants to proactively disclose the requested records to the public in electronic format available to the public on its website on an ongoing basis in accordance with 5 U.S.C. § 552(a)(2);

(5) Order Defendant to waive fees associated with responding to the FOIA Request;

(6) Award Plaintiffs reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E), the Equal Access to Justice Act, and any other applicable provision of law; and

(7) Grant such further relief as the Court deems just and proper.

Respectfully submitted,

s/*Trina Realmuto*

Trina Realmuto (CA SBN 201088)
Kristin Macleod-Ball (NY SBN 5340500)*
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA, 02446
(617) 819-4447
trina@immigrationlitigation.org
kristin@immigrationlitigation.org

Siobhan Waldron (CA SBN 286378)
Jessica Zhang (TX SBN 24127437)*
Immigrant Legal Defense
1301 Clay St., #70010
Oakland, CA 94612
(510) 479-0972
siobhan@ild.org
jessica@ild.org

*Application for *pro hac vice* admission forthcoming

*Attorneys for Plaintiffs*

Dated: March 21, 2025

---

Complaint for Decl. and Inj. Relief