**National Immigration Litigation Alliance**
*Immigrant justice through the courts*

September 26, 2024

VIA SECURE RELEASE PORTAL

FOIA Officer
U.S. Immigration & Customs Enforcement
500 12th Street SW, Stop 5009
Washington, DC 20536-5009
https://www.securerelease.us/

      RE:    Freedom of Information Act Request

Dear FOIA Officer,

The National Immigration Litigation Alliance (NILA) and Immigrant Legal Defense (ILD) (Requestors) submit this letter as a request for records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.* In accordance with 5 U.S.C. § 552(a)(6)(A)(i), Requestors seek a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). In addition, pursuant to 5 U.S.C. § 552(a)(2), Requestors submit that the requested records should be "ma[d]e available for public inspection in an electronic format."

Requestors seek disclosure of the following records[1] prepared, received, transmitted, collected, and/or maintained by U.S. Immigration and Customs Enforcement (ICE):

> Any and all policies, guidance, directives, memoranda, protocols, training materials, or other written procedures related to:
>
> (a) the creation of administrative records of proceedings as required by Federal Rule of Appellate Procedure 16 for petitions for review of removal orders for which judicial review is sought under 8 U.S.C. § 1252(a)(1), including but not limited to removal orders issued by component agencies of the U.S. Department of Homeland Security (specifically, ICE and U.S. Customs and Border Protection);

---

[1] The term "records" as used herein includes, but is not limited to: communications, correspondence, directives, documents, data, videotapes, audiotapes, e-mails, faxes, files, guidance, guidelines, standards, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, manuals, technical specifications, training materials, and studies, including records kept in written form or electronic format on computers and/or other electronic storage devices, electronic communications, and/or videotapes, as well as any reproductions thereof that differ in any way from any other reproduction, such as copies containing marginal notations.

    (b) the filing of such records with U.S. courts of appeals pursuant to Federal Rule of Appellate Procedure 17; and

    (c) service and/or transmittal of such records on individuals without attorneys who have filed pro se petitions for review.

As an example of the types of records sought, an April 2006 memorandum setting forth certain policies related to the creation of such records, entitled Record of Proceedings in Reinstatement and Administrative Removal Cases, that was obtained through earlier FOIA litigation accompanies this request as Exhibit A. Requestors seek the current version of this document along with any additional records described above.

This request will remain as an ongoing FOIA request until such time as the agency conducts a lawful and adequate search. Therefore, any records that come within the possession of the agency prior to the final response to this FOIA request are within the scope of this request.

**Request for Proactive Disclosure**

Section 552(a)(2) of FOIA, known as the proactive disclosure provision, "identifies certain categories of records the agency must make available on an ongoing basis, no request necessary." *Animal Legal Def. Fund v. USDA*, 935 F.3d 858, 862 (9th Cir. 2019). This "affirmative obligation," *id.*, requires proactive disclosure of several categories of records, including:

- "[T]hose statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register;" and
- "[A]dministrative staff manuals and instructions to staff that affect a member of the public . . . ."

5 U.S.C. § 552(a)(2)(B)-(C). To the extent that any of the requested records fall within the above-referenced categories, as an adopted statement of agency policy which is not published in the Federal Register, an administrative staff manual and/or instructions to staff that affect members of the public, and/or under any other applicable provision of 5 U.S.C. § 552(a)(2), ICE must also, in addition to releasing a full and complete copy of such records to Requestors, proactively disclose these records "for public inspection in an electronic format," 5 U.S.C. § 552(a)(2), on an ongoing and up-to-date basis.

**Request for Waiver of Fees**

Requestors ask that ICE waive all fees and costs associated with this FOIA request. Such waiver is warranted because disclosure of the information is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requestor." 5 U.S.C. § 552(a)(4)(A)(iii).

First, disclosure of the requested records will contribute significantly to the public understanding of how ICE creates records of proceeding for removal orders subject to judicial review, as well as how such records are filed with federal courts and served upon individuals seeking review of removal

orders. The requested records relate directly to governmental operations and activities, and public access to the requested records is critically important to assist attorneys, immigrants, and the general public in understanding ICE's policies related to the creation, filing, and service of records of proceedings, including for pro se litigants who may not have access to such records through online records systems. In addition, it will allow for procedural oversight to ensure that ICE creates, files, and services records of proceedings in the manner required by the court rules and other applicable sources of law.

Requestor NILA has the capacity, intent, and demonstrated ability to disseminate the requested information to a broad cross-section of the public. NILA is a non-profit membership organization established to realize systemic change in the immigrant rights' arena by engaging in impact litigation and by building the capacity of social justice attorneys to litigate in federal court through co-counseling individual cases and providing strategic assistance. In addition to litigation, NILA disseminates records obtained through FOIA on its public website,[2] disseminates practice materials,[3] and hosts continuing legal education webinars,[4] and NILA staff frequently present on immigration issues.

Requestor ILD also has the capacity, intent, and demonstrated ability to disseminate the requested information to a broad cross-section of the public. ILD is a nonprofit legal services organization that provides consultation and representation to noncitizens at no cost. ILD will publicize the information it obtains via this request at no charge to the public. ILD has an interest in the widespread availability of information about the immigration courts to ensure transparency and due process for noncitizens facing deportation.

Second, disclosure of the requested records is not primarily in Requestors' commercial interest. Requestors are seeking the requested records for the purpose of disseminating them to members of the public and not for commercial gain.

Accordingly, disclosure in this case meets the statutory criteria, and a fee waiver would fulfill Congress' legislative intent in amending FOIA. *See Judicial Watch v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be liberally construed in favor of waivers for noncommercial requesters.") (internal quotation omitted).

\* \* \* \* \*

We look forward to your response to our request within twenty (20) business days, as required under 5 U.S.C. § 552(a)(6)(A)(i).

If you have any questions regarding this request, please contact the undersigned. Please furnish

---

[2] *See NILA's Transparency Litigation Docket*, NATIONAL IMMIGRATION LITIGATION ALLIANCE, https://immigrationlitigation.org/transparency-litigation-foia.

[3] *See Practice Advisories,* NATIONAL IMMIGRATION LITIGATION ALLIANCE, https://immigrationlitigation.org/practice-advisories/.

[4] *See NILA Webinars*, NATIONAL IMMIGRATION LITIGATION ALLIANCE, https://immigrationlitigation.org/nila-webinars.

copies of all applicable information to:

>Kristin Macleod-Ball
>National Immigration Litigation Alliance
>10 Griggs Terrace
>Brookline, MA 02446
>kristin@immigrationlitigation.org

Thank you for your timely cooperation.

Sincerely,

Kristin Macleod-Ball
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446
(617) 506-3646
kristin@immigrationlitigation.org

Jessica Zhang
Immigrant Legal Defense
1301 Clay St., #70010
Oakland, CA 94612
(510) 463-1841
jessica@ild.org